IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>HMD GLOBAL, HMD GLOBAL OY, and HMD AMERICA INC.,<br><br>Defendants. | Case No. 2:22-cv-00443-JRG |

**DEFENDANTS' UNOPPOSED MOTION TO STAY ACTION
PENDING ITC DETERMINATION**

Defendants HMD Global Oy, HMD America, Inc., and HMD Global[1] (hereinafter "HMD") appear specially to move this Court pursuant to 28 U.S.C. § 1659 to stay all proceedings in the above-captioned case until the determination of the United States International Trade Commission ("ITC") in the parallel proceeding titled *In the Matter of Certain Location-Sharing Systems, Related Software Components Thereof, and Products Containing Same*, Investigation No. 337-TA-1347 becomes final, including during any appeals and until the Commission proceedings are no longer subject to judicial review. Counsel for HMD contacted counsel for Plaintiff AGIS Software Development LLC ("AGIS"), who indicated that AGIS did not oppose the stay request.

On November 18, 2022, AGIS filed the Complaint in this action against HMD alleging infringement of U.S. Patent Nos. 8,213,970 (the "'970 patent"), 9,445,251 (the "'251 patent"), 9,467,838 (the "'838 patent"), 9,749,829 (the "'829 patent"), and 9,820,123 (the "'123 patent").

---

[1] Counsel are unaware of any corporate entity named "HMD Global" apart from "HMD Global Oy," which is separately named as a defendant to this action, but move on behalf of all named defendants in an abundance of caution.

(Dkt. No. 1). On November 16, 2022, AGIS had filed a complaint with the ITC under Section 337 of the Tariff Act of 1930 against HMD and several other respondents, requesting that the ITC institute an investigation based on alleged infringement of the same five patents. (*See* Ex. A, ITC Complaint, Public Version). AGIS's ITC complaint alleges that HMD infringes the same '970, '251, '838, '829, and '123 patents. (*See id*. at ¶¶ 34, 62-101, 118-120). On December 22, 2022, the ITC instituted an investigation based on AGIS's complaint, naming HMD as among the respondents to the proceeding titled *In the Matter of Certain Location-Sharing Systems, Related Software Components Thereof, and Products Containing Same*, Investigation No. 337-TA-1347 (*See* Ex. B, Notice of Institution of Inv. No. 337-TA-1347).

Pursuant to 28 U.S.C. § 1659(a), District Court claims that involve the same issues as a parallel ITC proceeding are subject to a mandatory stay. Specifically, the statute provides:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within –
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a). A stay issued under this statute must remain in effect during any appeal(s) and must continue "until the Commission proceedings are no longer subject to judicial review." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

The requirements of 28 U.S.C. § 1659 are satisfied here. HMD "are also parties to a proceeding before the United States International Trade Commission under section 337" because they are respondents in the ITC investigation. The claims asserted in this action also involve the

same issues as the claims in the ITC investigation. In both, AGIS asserts the same five patents and alleges infringement of many of the same patent claims. (*See* Dkt. No. 1 ¶¶ 9-14, 23, 24, 32, 33, 46, 47, 59, 60, 73, 74; Ex. A ¶¶ 142, 173-178). This motion is timely under 28 U.S.C. § 1659(a)(1) because it was filed within 30 days after HMD was named as respondents in the ITC Investigation pursuant to the Commission's December 22, 2022 notice of institution. *See*, *e.g.*, *Evolved Wireless, LLC v. Samsung Elecs. Co.*, No. 21-033, 2021 WL 7161368, at *1 (E.D. Tex. Mar. 10, 2021) (deadline for filing motion to stay occurs thirty days after ITC's notice of institution). A stay is, therefore, mandatory under § 1659(a).

For the foregoing reasons, HMD respectfully requests that the Court enter the attached proposed order staying all proceedings in this action until the determination of the 337-TA-1347 Investigation becomes final, including any appeals and until the ITC proceedings are no longer subject to judicial review.

HMD appears specially to make this motion because AGIS has not yet served process on HMD. HMD's special appearance does not waive any of its objections and defenses to AGIS's Complaint, including, but not limited to, any defenses based on lack of jurisdiction, improper venue, inconvenient venue, insufficiency of process, and insufficiency of service of process and does not waive HMD's rights to seek appropriate relief, including dismissal of the Complaint or venue transfer. *See, e.g.*, *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (holding that a motion to stay does not waive an objection to sufficiency of service of process); *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009) (holding that defendants "did not waive their defense of lack of personal jurisdiction by moving to stay the proceedings"). Thus, HMD expressly reserves all objections, defenses, and rights in response to AGIS's Complaint

allegations. Requesting a stay at this juncture without resolution of such objections and defenses will conserve judicial resources consistent with FRCP 1.

## CONCLUSION

For all the foregoing reasons, HMD respectfully requests that the Court enter the attached proposed order staying all proceedings in this action until the determination of the 337-TA-1347 Investigation becomes final, including any appeals, and until the Commission proceedings are no longer subject to judicial review.

Date: January 12, 2023

*/s/ Matthew J. Moffa*
MATTHEW J. MOFFA, ESQ.
NY Bar No. 5045067
mmoffa@perkinscoie.com
WILLIAM J. MCCABE, ESQ.
NY Bar No. 2258085
wmccabe@perkinscoie.com
PERKINS COIE LLP
1155 6th Avenue, 22nd floor
New York, NY 10036
Telephone: (212) 262-6900
Facsimile: (212) 977-1649

*Counsel for Defendants HMD Global, HMD Global Oy, and HMD America, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned counsel hereby certifies that, pursuant to Local Court Rule CV-7(i), he conferred with counsel for Plaintiff AGIS Software Development LLC who confirmed that Plaintiff is unopposed to the relief requested herein.

/s/ Matthew J. Moffa

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 12, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated: January 12, 2023                                           /s/ Matthew J. Moffa