# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 2:22-cv-00443-JRG |
| | § | (Lead Case) |
| HMD GLOBAL OY and | § | |
| HMD AMERICA, INC. | § § | |
| Defendants. | § § | |

# MOTION TO DISMISS THE CASE
# AGAINST HMD AMERICA INC. FOR IMPROPER VENUE

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................... 1
II.  STATEMENT OF DISPOSITIVE ISSUE TO BE DECIDED (L.R. CV-7(A)(1)) .......... 1
III. LEGAL STANDARD ........................................................................................................ 1
IV.  ARGUMENT ..................................................................................................................... 3
V.   CONCLUSION .................................................................................................................. 6

## TABLE OF AUTHORITIES

**CASES**

*Blue Spike, LLC v. Caterpillar, Inc.*,
   2017 WL 4129321 (E.D. Tex. Sept. 19, 2017) ...................................................................... 2

*Blue Spike, LLC v. Nook Digital, LLC*,
   2017 WL 3263871 (E.D. Tex. July 28, 2017) ....................................................................... 2

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ..................................................................................... 2, 3, 4

*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020) ............................................................................................ 3

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) ............................................................................................ 5

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018) ............................................................................................ 2

*Magnacoustics, Inc. v. Resonance Tech. Co.*,
   No. 97–1247, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) .................................................. 2

*Moran v. Smith*,
   2016 WL 4033268 (W.D. Tex. July 27, 2016) ..................................................................... 5

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
   137 S. Ct. 1514 (2017) ................................................................................................. 1, 2, 3

*Uniloc 2017 LLC v. Riot Games, Inc.*,
   2020 WL 1158611 (E.D. Tex. Mar. 10, 2020) ..................................................................... 2

*Westech Aerosol Corp. v. 3M Co.*,
   927 F.3d 1378 (Fed. Cir. 2019) ............................................................................................ 2

**STATUTES**

28 U.S.C. § 1400(b) ............................................................................................................. 1, 2, 3, 6

28 U.S.C. § 1406(a) ............................................................................................................. 1, 2, 5, 6

**OTHER AUTHORITIES**

Rule 12(b)(3) .............................................................................................................................. 1, 6

U.S. Patent 8,213,970 ..................................................................................................................... 5

I.  **INTRODUCTION**

Plaintiff AGIS Software Development LLC ("AGIS") filed this case against Defendants HMD America, Inc. ("HMD America") and HMD Global Oy (collectively, "HMD") on November 18, 2022.[1] HMD moves this Court under Rule 12(b)(3) to dismiss the case against HMD America for improper venue or transfer that case to the Southern District of Florida.[2]

HMD America is incorporated in Florida, so it does not "reside" in this district under 28 U.S.C. § 1400(b). HMD America also does not maintain a regular and established place of business in this District under § 1400(b), because it is a Florida company with its headquarters in Miami that has no physical offices or facilities in this District. HMD America has only a handful of remote employees working from home in Texas, none relevant to the venue analysis. AGIS pleads no legally relevant facts in its venue allegations, instead stating in a conclusory way that Defendants "have regular and established places of business in this Judicial District," without supporting facts. AGIS's case against HMD America cannot be maintained in the Eastern District of Texas, so this case should be dismissed under Rule 12(b)(3) and 28 U.S.C. § 1406(a). Alternatively, the case should be transferred to the Southern District of Florida, where HMD America resides.

II. **STATEMENT OF DISPOSITIVE ISSUE TO BE DECIDED (L.R. CV-7(A)(1))**

Should this case be dismissed or transferred under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue over HMD America, Inc. in this District?

III. **LEGAL STANDARD**

28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514,

---

[1] AGIS also named a third entity in their complaint, "HMD Global." This entity does not exist.
[2] HMD and AGIS have jointly moved to stay all deadlines and have notified the Court of a settlement in principle that resolves all claims against HMD. Dkt. 39. HMD nevertheless files this response to the Complaint because the Court has yet to enter an order on the parties' motion.

1

1519 (2017) (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)); *see also Uniloc 2017 LLC v. Riot Games, Inc.,* 2020 WL 1158611 at *2 (E.D. Tex. Mar. 10, 2020).

Section 1400(b) provides that venue is proper only (1) "where the defendant resides" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Under the first prong of § 1400(b), a domestic corporation resides in its state of incorporation only. *TC Heartland*, 137 S. Ct. at 1521. Under the second prong, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id*. Simply stating that a defendant "has a regular and established place of business within the judicial district, without more, amounts to a mere legal conclusion that the court is not bound to accept as true." *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019).

"[I]n an action involving multiple defendants[,] venue and jurisdiction requirements must be met as to each defendant." *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97–1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997); *Blue Spike, LLC v. Nook Digital, LLC*, 2017 WL 3263871 at *3 (E.D. Tex. July 28, 2017), report and recommendation adopted sub nom. *Blue Spike, LLC v. Caterpillar, Inc.*, 2017 WL 4129321 (E.D. Tex. Sept. 19, 2017). Where venue is improper, a court "*shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). "[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

2

## IV.     ARGUMENT

### A.     The Complaint Against HMD America Should be Dismissed For Improper Venue, or In the Alternative, Transferred to the Southern District of Florida

Section 1400(b) provides that venue is proper only (1) "where the defendant resides" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." AGIS has not pleaded—and cannot plead—facts sufficient to establish either prong of the venue requirements under § 1400(b).

#### 1.     HMD America Does Not Reside in the Eastern District of Texas

It is undisputed that HMD America does not "reside" in this District under the first prong of 28 U.S.C. § 1400(b) because—as AGIS concedes—HMD America is incorporated in Florida. Compl. (Dkt.1), ¶ 4; *see TC Heartland*, 137 S. Ct. at 1521. Thus, HMD America's residence does not provide a basis for venue in this District.

#### 2.     HMD America Does Not have a Regular and Established Place of Business in the Eastern District of Texas

For a corporation to have a regular and established place of business in a district, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d at 1360-64.

Venue is improper because AGIS fails to show that HMD America has a physical place in the Eastern District of Texas that is a regular and established place of business. A "physical place" in the district means "a physical, geographical location in the district from which the business of the defendant is carried out." *Id*. at 1362. A "regular and established place of business" means a "stable," "permanent," and "not transient" place in which there is a "regular, physical presence of an employee or other agent of the defendant conducting the defendant's business." *Id*. at 1362–63; *In re Google LLC*, 949 F.3d 1338, 1344–45 (Fed. Cir. 2020). HMD America has neither.

3

Although the Complaint alleges that HMD America has "regular and established places of business in this Judicial District," it fails to list a single address in Texas associated with HMD America. Compl., ¶¶ 4, 8. AGIS does not, and cannot, plead that HMD America owns, leases, rents, or maintains any physical space in Texas, let alone one from which it conducts steady, persistent business. *See In re Cray Inc.*, 871 F.3d at 1365. AGIS does not, and cannot, plead that HMD America has advertised office locations or job positions based in Texas, or has marketed employment opportunities specifically to residents of the Eastern District of Texas. *Id*. While four employees work remotely from their homes in Texas, AGIS does not, and cannot, plead that HMD America requires them to live there as a condition of their employment. *Id*. Further, AGIS does not, and cannot, plead that HMD owns, leases, rents, provides housing allowances for, places HMD signage on, or otherwise exercises control over its remote employees' homes. *Id*. AGIS does not, and cannot, plead that HMD expects its remote employees to meet customers or partners in their homes or for their homes to be used as storage or distribution centers. *Id.* Since HMD America lacks a physical location within the District that is a regular and established place of business, venue is improper.

None of the remaining facts that AGIS separately pleads to support personal jurisdiction, like HMD placing "infringing products . . . into the stream of commerce," are sufficient to establish venue. *See* Compl., ¶ 7. The Federal Circuit has held that "the regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general business provision." *In re Cray Inc.*, 871 F.3d at 1361. AGIS has not and cannot show that HMD America has a regular and established place of business in the Eastern District of Texas.

4

> 3. Because Venue Is Improper, the Court Should Dismiss the Complaint against HMD America; Alternatively, the Court Should Transfer the Case to the Southern District of Florida

Because venue is improper in this District, this Court has discretion under 28 U.S.C. § 1406(a) to dismiss this case or to transfer the allegations against HMD America to a different location where venue would be proper (i.e., the Southern District of Florida where HMD America is incorporated). Should the Court determine that it is in the interest of justice to transfer this case rather than dismissing it outright, HMD America respectfully requests that the Court transfer the case to the Southern District of Florida "because 'witnesses, evidence, the underlying events, and [the defendant] are based there.'" *See Moran v. Smith,* 2016 WL 4033268, at *2 (W.D. Tex. July 27, 2016) (quoting *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013)).

First, this case could have been brought in the Southern District of Florida, as HMD America has a "regular and established place of business"—its headquarters—in Miami. Second, most the relevant evidence and witnesses are in Florida. Relevant HMD sales and marketing staff, and HMD records for the accused devices, are all in the Southern District of Florida. As for AGIS, all of the party witnesses cited in its Initial Disclosures live in the Southern District of Florida, as does the patent prosecuting attorney of record for U.S. Patent 8,213,970 ("the '970 Patent").[3] Finally, the lawsuit "call[s] into question the work and reputation" of HMD America and its employees who conduct business in the community, which gives the Southern District of Florida a unique interest. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

Should the Court elect to transfer this case rather than dismissing it outright, the Southern District of Florida is the appropriate venue.

---

[3] HMD does not include AGIS's Initial Disclosures as an exhibit because AGIS twice failed to respond to HMD's requests to meet-and-confer regarding AGIS's improper designation of those disclosures, in their entirety, as confidential – attorney's eyes only.

5

## V.     CONCLUSION

Venue is not proper in this District for HMD America under 28 U.S.C. § 1400(b). HMD respectfully requests that the Court dismiss AGIS's complaint under Rule 12(b)(3) and 28 U.S.C. § 1406(a) or transfer the case to the Southern District of Florida.

Given the litigation history between AGIS and HMD, HMD reserves the right to move for its fees, including for having to bring this motion.

Dated: January 16, 2024                                   Respectfully submitted,

*/s/ Matthew J. Moffa*

MATTHEW J. MOFFA
(Admitted E.D. Tex.)
MMoffa@perkinscoie.com
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: (212) 261-6857
Facsimile: (737) 256-6300

DAKOTA P. KANETZKY
Texas Bar No. 24116599
DKanetzky@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: (737) 256-6115
Facsimile: (737) 256-6300

*Attorneys for Defendants HMD America, Inc. and HMD Global Oy*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 16, 2024, a true and correct copy of the above document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).


                                                        */s/ Matthew J. Moffa*
                                                        Matthew J. Moffa