**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No.  2:22-cv-00443-JRG |
| | § | (Lead Case) |
| HMD GLOBAL OY and | § | |
| HMD AMERICA, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HMD GLOBAL OY'S ANSWER TO AGIS SOFTWARE
DEVELOPMENT LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant HMD Global Oy ("HMD") hereby answers the Complaint of Plaintiff AGIS

Software Development LLC ("AGIS").  To the extent not explicitly admitted, all allegations of the

complaint are denied.

**PARTIES**

1.      HMD lacks sufficient knowledge or information to either admit or deny the

allegations in paragraph 1 of the Complaint, and therefore denies them.

2.      Denied.

3.      HMD admits that HMD Global Oy is a corporation organized and existing under

the laws of Finland, with its principal place of business at Bertel Jungin aukio 9, 02600 Espoo,

Finland. HMD denies the remaining allegations in this paragraph.

4.      HMD admits that HMD America, Inc. ("HMD America") is a corporation

organized and existing under the laws of the State of Florida, with its principal place of business

at 1200 Brickell Ave., Suite. 510, Miami, Florida 33131. HMD admits that HMD America is

registered to transact business in Texas and may be served with process through its registered agent. HMD denies the remaining allegations in this paragraph.

5.       HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 5 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

6.       HMD admits that the Complaint purports to initiate an action for patent infringement under the patent laws of the United States of America, contained in Title 35 of the United States Code. HMD admits that this Court has jurisdiction under 28. U.S.C. §§ 1331 and 1338(a) over claims for patent infringement but denies it has committed any act that would give rise to any cause of action in the Complaint. Otherwise, denied.

7.       Denied.

8.       HMD admits that HMD Global Oy is a foreign corporation formed under the laws of Finland with a principal place of business in Finland.  Otherwise, denied.

## PATENTS-IN-SUIT

9.       HMD admits that the face of the '970 patent indicates that it issued on July 3, 2012, and that it is entitled "Method of Utilizing Forced Alerts for Interactive Remote Communications." HMD lacks sufficient knowledge or information to either admit or deny the remaining allegations in this paragraph of the Complaint, and therefore denies them.

10.       HMD admits that the face of the '251 patent indicates that it issued on September 13, 2016, and that it is entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks." HMD lacks sufficient knowledge or information to either admit or deny the remaining allegations in this paragraph of the Complaint, and therefore denies them.

11.       HMD admits that the face of the '838 patent indicates that it issued on October 11, 2016, and that it is entitled "Method to Provide Ad Hoc and Password Protected Digital and

Voice Networks." HMD lacks sufficient knowledge or information to either admit or deny the remaining allegations in this paragraph of the Complaint, and therefore denies them.

12.     HMD admits that the face of the '829 patent indicates that it issued on August 29, 2017, and that it is entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks." HMD lacks sufficient knowledge or information to either admit or deny the remaining allegations in this paragraph of the Complaint, and therefore denies them.

13.     HMD admits that the face of the '123 patent indicates that it issued on November 14, 2017, and that it is entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks." HMD lacks sufficient knowledge or information to either admit or deny the remaining allegations in this paragraph of the Complaint, and therefore denies them.

14.     HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 14 of the Complaint, and therefore denies them.

## FACTUAL ALLEGATIONS

15.     HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 15 of the Complaint, and therefore denies them.

16.     HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 16 of the Complaint, and therefore denies them.

17.     HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 17 of the Complaint, and therefore denies them.

18.     Denied.

19.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

## COUNT 1 - INFRINGEMENT OF THE '970 PATENT

20.     HMD repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1-19, as set forth above.

21.     HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 21 of the Complaint, and therefore denies them.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

## COUNT 2 - INFRINGEMENT OF THE '251 PATENT

29.     HMD repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1-19, as set forth above.

30.     HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 30 of the Complaint, and therefore denies them.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the

Court requires a response, HMD denies the allegations of this paragraph.

36.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

37.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

38.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

39.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

40.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

41.     Denied.

42.     Denied.

## <u>COUNT 3 - INFRINGEMENT OF THE '838 PATENT</u>

43.     HMD repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1-19, as set forth above.

44.     HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 44 of the Complaint, and therefore denies them.

5

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

50.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

51.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

52.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

53.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

54.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

55.     Denied.

56.   Denied.

## COUNT 4 - INFRINGEMENT OF THE '829 PATENT

57.   HMD repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1-19, as set forth above.

58.   HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 58 of the Complaint, and therefore denies them.

59.   Denied.

60.   Denied.

61.   Denied.

62.   This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

63.   This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

64.   This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

65.   This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

66.   This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the

Court requires a response, HMD denies the allegations of this paragraph.

67.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

68.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

69.     Denied.

70.     Denied.

## COUNT 5 - INFRINGEMENT OF THE '123 PATENT

71.     HMD repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1-19, as set forth above.

72.     HMD lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 72 of the Complaint, and therefore denies them.

73.     Denied.

74.     Denied.

75.     Denied.

76.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

77.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

78.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

79.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

80.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

81.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

82.     This paragraph states legal conclusions that require no response, at least because the Court has yet to construe the claim terms that appear in this paragraph. To the extent the Court requires a response, HMD denies the allegations of this paragraph.

83.     Denied.

84.     Denied.

## DEMAND FOR JURY TRIAL

No response is required to AGIS's demand for trial by jury.  HMD separately requests a jury trial on each of its defenses.

## PRAYER FOR RELIEF

HMD denies AGIS is entitled to any of the relief it requests.

## HMD'S DEFENSES

HMD incorporates by reference the foregoing paragraphs in their entirety and asserts the following defenses in response to the allegations, included defenses set forth at 35 U.S.C. §282, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, HMD specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST DEFENSE
### (No Infringement)

Based on a reasonable investigation into *inter alia* the allegations in the complaint, HMD does not infringe and has not infringed—directly, indirectly, literally, or under the doctrine of equivalents—any valid and enforceable claim of U.S. Patent Nos. 8,213,970, 9,445,251, 9,467,838, 9,749,829, and 9,820,123 (the "Asserted Patents" and each an "Asserted Patent").

### SECOND DEFENSE
### (Invalidity)

Based on a reasonable investigation into *inter alia* public filings, each asserted claim of the Asserted Patents is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101 et seq., e.g., 102, 103, and/or 112, and/or for otherwise being in violation of the sections of Parts I, II, and III of Title 35 of the United States Code.

### THIRD DEFENSE
### (Prosecution History Estoppel)

By reason of the statements, representations, admissions, concessions, arguments, and/or amendments made by and/or on behalf of the applicants to and by the U.S. Patent and Trademark Office ("PTO") during the prosecution of the patent applications that led to the issuance of the

10

Asserted Patents, AGIS's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer. Evidence supporting this defense was previously identified to AGIS in ITC Investigation No. 337-TA-1347 against HMD and others (Certain Location-Sharing Systems, Related Software, Components Thereof, and Products Containing Same) regarding the September 9, 2011 amendments to the claims of the '970 Patent. Defendants are investigating the facts relating to the procurement of the Asserted Patents and the assertion of infringement against them and will continue to do so. To the extent that this investigation reveals any improprieties in connection with such matters, Defendants reserve the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

### FOURTH DEFENSE
### (Improper Venue)

Venue is neither proper nor convenient for HMD America in the Eastern District of Texas, and is not convenient for HMD Global.

### FIFTH DEFENSE
### (License and/or Exhaustion)

AGIS's claims for patent infringement are barred in whole or in part (i) to the extent that any allegedly infringing products or services are supplied, directly or indirectly, to HMD by any entities having express or implied licenses to the Asserted Patents, or by HMD to any entities having express or implied licenses to the Asserted Patents, and/or (iii) under the doctrine of patent exhaustion.

### SIXTH DEFENSE
### (Limitations on Damages and Costs)

AGIS's claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and/or 287 and/or the doctrine of intervening rights, at least because AGIS failed to provide

adequate notice to Defendants of alleged infringement and are thus barred under 35 U.S.C. § 287 from recovering damages on one or more claims on dates prior to the date of the filing of this action. AGIS is further barred by 35 U.S.C. § 288 from recovering any costs associated with this action. In addition, AGIS is precluded from recovering damages for any alleged infringement occurring more than six years prior to the filing of this action pursuant to 35 U.S.C. § 286.

### SEVENTH DEFENSE
### (Equitable Defenses)

AGIS's claims are barred in whole or in part under principles of equity, including but not limited to prosecution laches, delay, waiver, implied waiver, acquiescence, estoppel, and/or unclean hands.

### EIGHTH DEFENSE
### (AGIS Cannot Prove Exceptional Case)

AGIS cannot prove that this is an exceptional case justifying an award of attorney's fees pursuant to 35 U.S.C. § 285.

### NINTH DEFENSE
### (Lack of Standing)

Under the standing defense identified in *AGIS Software Development LLC v. T-Mobile USA, Inc. et al*., 2:21-cv-00072-JRG at Docket Nos. 25 and 52, AGIS lacks standing to pursue at least some of its claims of infringement.

### RESERVATION OF RIGHTS

HMD reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery, including all those identified in the answers of the other defendants in these joined cases.  HMD reserves its rights to amend should it learn of additional defenses.

Dated: January 16, 2024                    Respectfully submitted,

                                           /s/ Matthew J. Moffa

                                           MATTHEW J. MOFFA
                                           (Admitted E.D. Tex.)
                                           MMoffa@perkinscoie.com
                                           Perkins Coie LLP
                                           1155 Avenue of the Americas, 22nd Floor
                                           New York, NY 10036-2711
                                           Telephone: (212) 261-6857
                                           Facsimile: (737) 256-6300

                                           DAKOTA P. KANETZKY
                                           Texas Bar No. 24116599
                                           DKanetzky@perkinscoie.com
                                           PERKINS COIE LLP
                                           405 Colorado Street, Suite 1700
                                           Austin, Texas 78701
                                           Telephone: (737) 256-6115
                                           Facsimile: (737) 256-6300

                                           *Attorneys for Defendants HMD America, Inc.*
                                           *and HMD Global Oy*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on January 16, 2024, a true and correct copy of the above document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

*/s/ Matthew J. Moffa*
Matthew J. Moffa
